UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GUADALUPE GUZMAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HOUSTON, and SAMUEL PEÑA, in his capacity as FIRE CHIEF of the HOUSTON FIRE DEPARTMENT,<br><br>Defendants. | CIVIL ACTION NO.: 4:22-cv-2580<br><br>ORIGINAL COMPLAINT |

Plaintiff Guadalupe Guzman ("Guzman"), by and through its attorney, Gregory Ahlgren, by way of a complaint against the Defendants, alleges the following:

I. NATURE OF THE ACTION

1.  This dispute arises from the policies and practices of the City of Houston and its Fire Chief, Samuel Peña ("Peña"), in the implementation of its promotional system.

2.  Plaintiff alleges, as set forth more fully hereunder, that Defendants wrongly obstructed his promotion to the rank of Captain within the Houston Fire

Department ("HFD").

3. In light of this situation, Plaintiff complains of the denial of pay and seniority rights.

4. Plaintiff seeks declaratory relief, pecuniary damages, injunctive relief, and reasonable attorneys' fees and costs as remedies for the wrongful actions of Defendants, taken singularly and in concert, as described herein.

## II.   THE PARTIES

5. Plaintiff, Guzman, is a resident of Harris County, Texas, and is employed as a firefighter by the HFD.

6. Defendant, the City of Houston, is an incorporated municipality located in the State of Texas, and may be served through its City Attorney.

7. Upon information and belief, Defendant, Peña, in his capacity as Fire Chief of HFD, is subject to service of process in Harris County, Texas, through the City Attorney for the City of Houston.

## III.   JURISDICTION AND VENUE

8. This Court has federal question jurisdiction over this matter pursuant to 28 U.S. Code § 1331, as a civil action arising under the laws and/or Constitution of the United States.

9. The federal questions at issue in this case arise from, *inter alia*, 42

U.S. Code §§ 1981(c), 1983 & 2000e–2(n)(3).

10. Plaintiff also requests the exercise of supplemental jurisdiction, in accordance with 28 U.S. Code § 1367; as such, state-law claims are urged supplementally in conformity with Section 143.108(e) of the Texas Local Government Code.

11. Venue is proper in this Court because all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b)(2).

12. Additionally, in the interest of judicial economy, this Court may determine that venue is proper in this Court in accordance with 42 U.S. Code § 2000e–2(n)(3), in relation to the judgment of this Court in *Bazile v. City of Houston*, 4:08-cv-02404, Documents 171 & 180, subject of course to the provisions of Rule 25 of the Federal Rules of Civil Procedure.

13. Furthermore, this dispute arose in the Houston Division of the Southern District of Texas. 28 U.S.C. § 124(b)(2).

## IV.   COMMON FACTS

14. The City of Houston is responsible for the HFD, the operation of which is within the purview of its Fire Chief.

15. Specifically, as indicated by the City Code of the City of Houston, the Chief of the Fire Department, subject to the direction and supervision of the Mayor, shall be the executive officer and director of the HFD, and the administration thereof, and he shall have full control, supervision and authority

over all officers and employees thereof.

16. This case concerns the promotional system for the rank of Captain within the HFD, which is conducted pursuant to its policies, procedures, customs, and practices.

17. Pursuant to the legal processes established by the Texas legislature, that promotional system is subject to, *inter alia*, Chapter 143 of the Texas Local Government Code, the purpose of which is to secure efficient fire and police departments composed of capable personnel who are free from political influence and who have permanent employment tenure as public servants.

18. Under that promotional system, candidates for promotion are rank-ordered according to the result of a promotional examination.

19. Plaintiff has served with HFD since 2007, and has a legally and equitably cognizable interest in the HFD promotional system; specifically, his tenure with the HFD gives rise to promotional eligibility, as well as related legal benefits, such as those extended under the Protecting America's First Responders Act of 2021 (which on November 18, 2021 became [Public Law No: 117-61](Public Law No: 117-61)).

20. At issue in the case at bar are irregularities in the application and execution of that promotional system, in the wake of the *Bazile*[1] case, which was

---

[1] Plaintiffs' Original Complaint in *Bazile* was filed almost fourteen (14) years ago, on August 4, 2008, asserting claims under 42 U.S.C. §§ 1981, 1983, and 2000e-2, seeking, *inter alia,* declaratory judgment, promotion, backpay, and compensatory damages. *Bazile*, at Document 1.

litigated in this Court by racial minority firefighters (not unlike Guzman), including Dwight Bazile[2], Ramon Campbell, and others. *See Bazile v. City of Houston*, 4:08-cv-02404.

21. In the Partial Final Judgment issued by this Court in *Bazile* on January 2, 2013, the Court indicated that "[t]he new promotional process is designed to provide a fairer opportunity for minorities to compete for promotions in the future." *Bazile*, at Document 171, page 4. It was also provided therein that "[t]his court will retain jurisdiction over this matter for the purpose and enforcement of this Order." *Id*. The Final Judgment in *Bazile* was issued by this Court on March 28, 2013, and provided that "[t]his court will retain jurisdiction over this matter for the purpose and enforcement of this Order." *Bazile*, at Document 180, page 2.

22. Remedial Captain positions were created by HFD, to comply with the indications of this Court in *Bazile*.

23. Based on the judicial declarations of this Court in *Bazile*, Plaintiff, as a HFD firefighter below the rank of Captain, reasonably expected that future promotional processes would be free of arbitrary and capricious actions by HFD.

24. Notwithstanding the foregoing, and despite the passage of time, irregularities persist in the Captain promotional system within the HFD.

25. Against this backdrop, Guzman determined to compete in the 2018 promotional process for the rank of Captain, for which the HFD improperly altered

---

[2] As confirmed by the U.S. Fire Administration, Captain Bazile died on February 21, 2015. *See* https://apps.usfa.fema.gov/firefighter-fatalities/fatalityData/detail?fatalityId=4378.

the competitive environment, to the detriment of Plaintiff.

26. Engineer/Operator Guzman, who is Hispanic, seeks and has sought promotion to the rank of HFD Captain through the competitive examination process implemented in the wake of *Bazile v. City of Houston*, 4:08-cv-02404.

27. For HFD firefighters below the rank of Captain, such as Guzman, there was an expectation that HFD would move forward in a fair and predictable fashion on the basis of promotions made post-*Bazile*, in order to ensure equity and transparency in its promotional processes, with regard to the replacement of any Captain whose service status had changed, or those positions logically created by promotions of Captains to higher ranks within the HFD.

28. By way of example, it should be noted that, after the remedial Captain positions of certain *Bazile* plaintiffs had been vacated, the City of Houston proceeded to fill those positions, giving rise to clear expectations as to the full potential array of viable candidates for future Captain promotions.

29. Additionally, new vacancies at the rank of Captain had developed as the result of retirements and promotions of the pool of HFD firefighter at the rank of Captain.[3]

30. Thus, at least four duly existing Captain vacancies – the result of retirements, promotions, and the filling of remedial positions vacated by *Bazile* plaintiffs -- were omitted from the 2018-2020 promotional eligibility list; despite

---

[3] Plaintiff avers, to the best of his knowledge, that: on or about August 2, 2019, Captain Larry Gomez retired from HFD; on or about September 11, 2019, Captain Eric Zapata retired from

*post-hoc* indications by the City of Houston that it had "over-promoted" and therefore was without the ability to promote Plaintiff, these actions of the City of Houston essentially denied and excluded the promotions of the next four eligible candidates (rank-ordered #82,83,84,and 85), consisting of Plaintiff and three others, all of whom were racial minorities (an Asian-American, two Hispanic Americans, and an African-American).

31. Had these vacancies been accounted for properly, Plaintiff would have received promotion to the rank of Captain.

32. Guzman has previously presented his case to the Civil Service Commission ("CSC"), indicating that vacant positions as of 2018 should have resulted in his promotion, given his rank-order score.

33. Plaintiff argued to the CSC that the relevant available and vacant Captain positions for the 2018 promotional process were the direct result of promotions within the HFD, including but not limited to those remedial Captain positions implemented as a result of the *Bazile* litigation, and/or those logically resulting from promotions of Captains to higher rank, which thus created reasonable expectations and cognizable legal interests for HFD firefighters below the rank of Captain, such as Plaintiff.

34. On or about July 12, 2021, the CSC issued its Final Order in Case No. FY2021-CF-OO7, denying relief to Guzman in his effort to obtain promotion to the rank of Captain.

---

HFD; on or about June 15, 2019, Sr. Captain Eric Brown retired from the HFD; and on or about September 13, 2019, Captain Joshua Mies was promoted from Captain to Sr. Captain.

35. After the CSC issued its Final Order, Guzman continued to monitor the evolution of potentially-relevant HFD-related litigation, such as *City of Hous. v. Reyes*, 625 S.W.3d 563 (Tex. App.—Houston [14th Dist.] 2021).[4] Upon the closing of the legal window for seeking certiorari in *Reyes*, Guzman determined to continue with the project of trying to obtain an impartial review of the HFD promotional process for the rank of Captain.

36. On March 2, 2022, Guzman, through the undersigned counsel, forwarded his legal request to the Peña", with a copy sent to the City Attorney, requesting review of his situation in light of the *Bazile* litigation, and in light of the inherent authority of Peña under Section 34-53 of the Houston City Code (November 11, 2021 version); neither Peña nor the City Attorney ever acknowledged or responded to the overtures of Guzman, despite follow-up contacts to the City Attorney, thus invoking the provisions of Section 143.108(d) of the Texas Local Government Code.

37. After waiting a legally reasonable 60-day period for the receipt of a response from HFD or the City Attorney, Guzman the proceeded to raise his claim with the Equal Employment Opportunity Commission ("EEOC").

38. On May 9, 2022, the EEOC issued its Right to Sue notice to Guzman, a true and correct copy of which is attached hereto as Exhibit "A".

39. The notice provided by the EEOC gave rise to a 90-day window for filing suit, which has not expired; further, although the EEOC indicated that a copy

---

[4] On December 3, 2021, the Petition for Review was denied by the Supreme Court of Texas. *City of Hous. v. Reyes*, No. 21-0809 (Tex. Dec. 3, 2021).

of its notice was also provided to the City Attorney, no contact has been received by Plaintiff or his counsel from HFD or the City Attorney concerning this matter. Given this situation, attempts by Guzman to amicably resolve his issues are at an impasse, and the City of Houston and the HFD have effectively forced Plaintiff to initiate litigation.

40. Plaintiff has retained undersigned legal counsel and is obligated to pay a reasonable fee for services.

## V.   CLAIMS FOR RELIEF

### PRIMARY CLAIM FOR RELIEF

42 U.S. Code § 2000e–2(n)(3)

41. Guzman repeats and reasserts each and every preceding factual allegation as if fully set forth herein.

42. As previously noted, in the Partial Final Judgment issued by this Court in *Bazile* on January 2, 2013, the Court indicated that "[t]he new promotional process is designed to provide a fairer opportunity for minorities to compete for promotions in the future."[5] *Bazile*, at Document 171, page 4.  It was

---

[5] Members of the HFD community were given to expect best practices in this area of concern. See, e.g., 29 CFR, Part 1607, accessible online *via:*

also provided therein that "[t]his court will retain jurisdiction over this matter for the purpose and enforcement of this Order." *Id*. Also, as previously noted, the Final Judgment in *Bazile* was issued by this Court on March 28, 2013 and provided that "[t]his court will retain jurisdiction over this matter for the purpose and enforcement of this Order." *Bazile*, at Document 180, page 2.

43. In practice, the "new" promotional process for the rank of Captain within HFD continues to unfairly impact minority firefighters by allowing HFD to manipulate or apply in self-serving fashion, *inter alia*, Section 143.036 of the Texas Local Government Code, which falls short of the fairness policy objective. As previously noted, the vacant positions of concern were the direct result of promotions within the HFD, including but not limited to those remedial Captain positions implemented because of the rulings of this Court in the *Bazile* litigation, which thus created reasonable expectations and cognizable legal interests for HFD firefighters below the rank of Captain, such as Plaintiff.

44. The post-*Bazile* promotional process has clearly arbitrary elements, made clear in the process as applied to Plaintiff, which give rise issues of disparate impact and disparate treatment. Specifically, the City of Houston has not accounted for the cognizable interest of Plaintiff in the array of available Captain positions on the basis on promotions conferred upon other HFD Captains and/or the response of the HFD to the vacation of remedial Captain positions.

45. The Supreme Court of Texas, in *Lee v. Downey*, 842 S.W. 2d 646,

---

https://www.houstontx.gov/hr/classified_testing/ctesting_hfd.html#csexamshfd (as of 3 August 3, 2022).

649 (Tex. 1992), has indicated that promotions of existing Captains would create new vacancies at the rank of Captain; had the Defendants followed this precedent, then Plaintiff should have received promotion to the rank of Captain.

46. Hence, given the complete refusal by the City of Houston and Peña to communicate with Guzman since, approximately, early-March 2022, Defendants are not acting in good faith.

47. Further, because Guzman entered into service with the HFD in 2007, he was not viably an original claimant in the *Bazile* litigation; his claims, however, are now timely, and subject to 42 U.S. Code § 2000e–2(n)(3).

48. Plaintiff would therefore respectfully request this Court to exercise its inherent authority to consider the extent of compliance with the *Bazile* decision.

49. Additionally, to the extent necessary for the resolution of this case, this case may be consolidated with the *Bazile* litigation, in accordance with Rule 42(a)(2) of the Federal Rules of Civil Procedure.[6]

## ADDITIONAL CLAIM FOR RELIEF

42 U.S. Code §§ 1981 & 1983

50. Guzman repeats each and every preceding factual allegation as if fully set forth herein.

51. The actions of Defendants as to the vacant positions resulting promotions within the HFD, including but not limited to those remedial Captain

---

[6] Considerations of Rule 25 of the Federal Rules of Civil Procedure may apply at this juncture.

positions implemented because of the *Bazile* litigation, which thus created reasonable expectations and cognizable legal interests for HFD firefighters below the rank of Captain, such as Plaintiff.

52. Following the CSC review process, Plaintiff raised his concerns directly with Chief Peña, in light of the inherent authority of Peña under Section 34-53 of the Houston City Code (November 11, 2021, version); yet, neither Peña nor the City Attorney ever acknowledged or responded to the overtures of Guzman, despite follow-up contacts to the City Attorney.

53. The cognizable interests of Guzman in the HFD promotional process are tantamount to property interests.

54. Because the Supreme Court of Texas, in *Lee*, 842 S.W. 2d 646, has indicated that promotions of existing Captains would create new vacancies at the rank of Captain; the failure of Defendants to follow this precedent resulted in the violation of the rights of Plaintiff.

55. The actions and/or omissions of Defendants, as described herein, have resulted in the denial of substantive and/or procedural Due Process of as to Guzman, as the same is accorded by the Fourteenth Amendment to the Constitution of the United States.

56. The Due Process Clause of the 14th Amendment guarantees individuals procedural protections from governmental actions that deprive those individuals of their property interests in certain entitlements and benefits.

57. In the case of Guzman, he was entitled to the seniority benefits of being a Captain in the HFD.

58. These actions and/or omissions by Defendants have also resulted in the denial of Equal Protection to Guzman, as the same is accorded by the Fourteenth Amendment to the Constitution of the United States.

59. Thus, Guzman is entitled to compensation and such other relief as would be allowed under law, in accordance with 42 U.S. Code §§ 1981 and/or 1983.

## DECLARATORY RELIEF & SUPPLEMENTAL ALLEGATIONS

60. Guzman repeats each and every preceding factual allegation as if fully set forth herein.

61. A present and actual controversy exists between Plaintiff and Defendants concerning their rights and respective duties, and as such Plaintiff seeks a judicial declaration of the rights and duties of the respective parties, in accordance with 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure.

62. The facts as alleged herein also give rise to supplemental claims under 28 U.S. Code § 1367.

63. The actions of Defendants as alleged herein, singularly and in concert, have violated the rights of Plaintiff under Article I, Section 19, of the Texas Constitution, by denying him Due Course of Law as guaranteed to all Texans.

64. Furthermore, the actions of Defendants, by failing and refusing to

promote Plaintiff to the rank of Captain, give rise to liability under Section 143.108 of the Texas Local Government Code, and Plaintiff is entitled to an award of treble damages, seniority rights, costs of court, and reasonable attorney fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

    1.    For a declaration that the actions of Defendants actions have resulted in actionable and/or compensable harm to Plaintiff;

    2.    For an appropriate award of damages, together with attorney´s fees, interest, and costs of suit; and

    3.    For such other and further relief, including injunctive relief and promotion with backpay, as this Court deems just and proper in the exercise of its jurisdiction, and in accordance with, *inter alia*, 28 U.S.C. § 2201 & 2202.

Respectfully submitted,

Gregory Ahlgren
G.L. Ahlgren, P.L.L.C.
20333 Tomball Parkway, Ste. 200
HOUSTON, TEXAS 77070
Tel.: (832) 838-2996
E-mail: gregory@ahlgrenlaw.us


*Gregory Ahlgren*
_____
GREGORY AHLGREN
STATE BAR OF TEXAS #00793031
S.D. TEX. #28318

Attorney-in Charge for Plaintiff

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument was electronically served upon the City Attorney for the City of Houston on this date.

*Gregory Ahlgren*

GREGORY AHLGREN
STATE BAR OF TEXAS #00793031
S.D. TEX. #28318
Attorney-in-Charge for Plaintiff